IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                                                    ) | CR. NO 3:08-cr-61-MHT |
| ) | |
| **SHERRY FANNING,**                       ) | |
| ) | |

**United States's Response to Motion in Limine**

The United States agrees in part and disagrees in part with Defendant Sherry Fanning's motion in limine.[1]

On April 10, 2007, Fanning signed a Repayment Agreement[2] in which she agreed that she owed the Lanette Housing Authority the amount of $31,294.22 for unreporting her income to the Housing Authority. This amount is less than the actual amount that Fanning owes to the Housing Authority, and thus is an agreement to compromise.

In her motion, however, Fanning moves to exclude "[t]estimony relating to the Repayment Agreement [she] signed for the Lanette Housing Authority"[3] under Fed. R. Evid. 408. While Fanning is correct that the Agreement itself should not come in as evidence under Rule 408(a)(1), she is incorrect that no "statement, argument, or testimony"[4] regarding

---

[1] Doc. 22.

[2] In her Motion, Fanning does not attach the document about which she complains. The Government, however, has attached a copy of the document about which it believes Fanning is concerned as Exhibit 1.

[3] Doc. 22 at 2.

[4] *Id.* at 4.

this agreement is admissible at trial. Rule 408(a)(2) clearly permits "conduct or statements made in compromise negotiations regarding the claim . . . when offered in a criminal case and related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority."

Rule 408(a)(2) was part of an amendement adopted by the Supreme Court to the Federal Rule of Evidence in 2006 (effective on December 1, 2006). That amendment was to end a prior controversy that existed between the Courts of Appeal about whether Rule 408 applied to criminal cases.[5] The new subsection (a)(2) to Rule 408 and the accompanying Advisory Committee Note explain that while the Rule is intended to apply to criminal cases, it is not intended to apply to statements or conduct in connection with the compromise negotiations, because when "an individaul makes a statement in the presence of government agents, its subsequent admission in a criminal case should not be unexpected."[6] Thus, in *United States v. Prewitt*,[7] cited by the Note, the Seventh Circuit was correct to introduce statements the defendant made during compromise negotiations with state government agents.[8]

---

[5] *Compare United States v. Arias*, 431 F.3d 1327 (11 Cir. 2005) (preamendment case finding that Rule 408 applied to criminal cases) *with United States v. Prewitt*, 34 F.3d 436 (7th Cir. 1994) (preamendment case finding the opposite).

[6] Fed. R. Evid. 408, Adv. Committee Note (2006).

[7] 34 F.3d 436 (7th Cir. 1994).

[8] *See* Fed. R. Evid. 408, Adv. Committee Note (2006); *see also United States v. Roti*, 484 F.3d 934, 935-36 (7th Cir. 2007) (noting that it is no longer correct that Rule 408 does not apply to criminal cases, but also noting that the new Rule 408(a)(2) permits conduct and statement regarding the claim).

Thus, while the Court should exclude the Repayment Agreement, it should also permit introduction of any relevant "conduct or statement made" in the compromise negotiation.

Respectfully submitted this 22nd day of August, 2008.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ Christopher Snyder
>CHRISTOPHER A. SNYDER
>Assistant United States Attorney
>131 Clayton Street
>Montgomery, AL 36104
>Phone: (334)223-7280
>Fax: (334)223-7135
>E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Richard Keith.

>/s/ Christopher Snyder
>CHRISTOPHER A. SNYDER
>Assistant United States Attorney

# REPAYMENT AGREEMENT

I, _Sherry Fanning_ and I, _Kelley Fanning_ do hereby agree that I owe _Lanett Housing Authority_ the amount of $_31,294.22_ as a result of my occupancy at _Lanett apartment complex_. This debt is the result of the following program violation(s): _____

A payment in the amount of $ _____ is being made this date and I will continue to pay $ _____ each month until the balance is paid in full. My monthly payments will be due on the _30_ day of the month and the first monthly payment will be due and payable on _May 30, 2007_.

I have read the Policy Statement below and understand that my failure to abide by this Repayment Agreement will result in one or more of the actions listed. I understand that if I am unable to meet my scheduled payment, I must notify the PHA prior to the due date to explain.

Special Provisions: _____

WITNESS MY SIGNATURE this _10th_ day of _April_, ~~198~~ _2007_

WITNESS: _Marion Marshall_

Signature: _Sherry Fanning_

Signature: _____

Telephone Number: _____

## REPAYMENT AGREEMENT POLICY

It is the policy of the _____ Housing Authority that we will not provide Rental Assistance nor Public Housing to a family who has an indebtedness to this Housing Authority until either the balance is paid in full or a Repayment Agreement has been executed.

A minimum down-payment of _____ of the balance is required at the time the Agreement is executed. Monthly payment amount will be established after a review of all relevant family income information. The applicant and/or tenant will remain in good standings with the Housing Authority as long as all payments are received in a prompt timely manner. Failure to abide by this Repayment Agreement will result in one or more of the following actions:

A. Section 8 applicants and/or, Public Housing applicants will have their applications withdrawn until payment in full has been received.
B. Public Housing tenants will have the unpaid balance turned over to the _____ Court for collection of total unpaid balance, plus court costs.
C. Section 8 tenants will have their rental assistance terminated, providing proper notice to the landlord, and the Housing Authority will pursue further legal remedy for remaining unpaid balance.
D. Public Housing and Section 8 tenants will have their accounts referred to a collection agency.
E. Tenants will be referred to a credit bureau and other appropriate clearinghouses that maintain debt information.

It should be noted that this Agreement will be in default when TWO (2) payments are delinquent. When the Repayment Agreement is in default, NO FUTURE REPAYMENT AGREEMENT WILL BE MADE WITH THE SAME FAMILY. ALL MONIES DUE IN FULL.